UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DAVID MIKE,                                                              Plaintiff,

v.                                                    Civil Action No. 3:15-cv-839-DJH

JEFFERSON COUNTY BOARD OF
EDUCATION, et al.,                                                    Defendants.

* * * * *

## MEMORANDUM OPINION AND ORDER

The Jefferson County Board of Education (JCBE) removed David Mike from his position as principal of Louisville Male High School after investigations into alleged improprieties in the administration of the ACT Compass tests at Male High.  Mike was investigated by ACT[1] and the Kentucky Department of Education (KDE), as well as the Jefferson County Public Schools (JCPS) Office of Compliance and Investigations.  His employment was later terminated.  Mike sued JCBE and Superintendent Donna Hargens, alleging that JCBE failed to provide adequate due process with respect to his termination and, in particular, their reliance upon ACT and KDE investigations.  (Docket No. 1-1)  Mike also asserted a variety of state-law claims against JCBE and Hargens, as well as assistant principal Todd Barber and teacher Josh Poore, both of whom worked under Mike at Male High.  The defendants have moved to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (D.N. 4)  Because the Court concludes that Mike's complaint fails to state a plausible claim for relief, the motion to dismiss will be granted.

---

[1] ACT is a college admissions testing company.  ACT (Sept. 28, 2016), http://www.act.org/.

# I. BACKGROUND

Mike began working for JCBE in 1995, first as a teacher and eventually becoming principal of Male High in 2013.  (D.N. 1-1, PageID # 9)  The KDE received complaints in December 2013 about improprieties in the administration of the ACT Compass test at Male High.  (*Id.*, Page ID # 10)  ACT and KDE investigated these complaints.  (*Id.*)  Among the findings and conclusions reported to Mike by ACT in February 2014 were allegations that test items were copied by students without ACT authorization; the supervising staff failed to prohibit or report this practice to ACT; the staff assisted students in correctly answering the copied test items; and the staff assisted students in responding to items during the tests.  (*Id.*, PageID # 10–11)  Mike was instructed to take remedial actions to prevent these types of improprieties in the future.  (*Id.*, PageID # 11)  However, investigators from ACT and KDE returned to Male High in May 2014 in response to new allegations of testing improprieties.  (*Id.*, PageID # 12–14)  Mike claims that the ACT and KDE investigators who came in December 2013 and May 2014 never interviewed him and never allowed him to respond to the allegations against him.  (*Id.*, PageID # 10, 12)

Under Hargens's direction, Mike was investigated two more times by the JCPS Office of Compliance and Investigations.  (*Id.*, PageID # 13)  The first JCPS investigation concerned allegations that Mike bullied and intimidated students and staff.  (*Id.*)  According to the complaint, these allegations were unrelated to the ACT Compass test.  (*Id.*)  Mike admits that he was interviewed by JCPS investigators regarding these allegations.  (*Id.*)  The second JCPS investigation concerned allegations of improprieties in the administration of the ACT Compass test.  (*Id.*, PageID # 14)  Again, Mike admits that he was interviewed by JCPS investigators with

regard to these allegations.  (*Id.*)  On June 20, 2014, Mike was removed as principal.  (*Id.*, PageID # 13)  On October 28, 2014, JCBE terminated Mike's employment.  (*Id.*, PageID # 14)

## II. STANDARD

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Factual allegations are essential; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the Court need not accept such statements as true.  *Id.*  A complaint whose "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct" does not satisfy the pleading requirements of Rule 8 and will not withstand a motion to dismiss.  *Id.* at 679.

## III. ANALYSIS

### A. Section 1983 Claims

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a procedural due process claim under section 1983.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).  "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Mike claims that JCBE and Hargens deprived him of a protected property right in his employment by "relying upon investigations which did not permit Mike the opportunity to respond to the allegations against him, removing him as Principal of Louisville Male High School, and terminating his contract." (D.N. 1-1, PageID # 14)  Property rights are "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). "When property interests are implicated, the right to some kind of prior hearing is paramount." *Id.* at 569–70.

Mike was a principal at the time of his termination, but property rights or interests in school-administrator positions, such as principal, are not recognized by statute in Kentucky. *Culbreth v. Covington Bd. of Educ.*, No. 07-73-DLB, 2008 WL 5096051, at *3 (E.D. Ky. Dec. 1, 2008) ("[U]nder Kentucky law[,] administrators do not possess a property interest in their positions cognizable by the Fourteenth Amendment."); *Hooks v. Smith*, 781 S.W.2d 522, 523–24 (Ky. Ct. App. 1989) ([Kentucky's] statutory scheme does not appear to have created a 'property interest' in a school administrator in continued employment as an administrator.").  Mike avoids this by asserting that his employment as a teacher is the property interest on which he bases his claim.  (D.N. 9, PageID # 126)  Defendants concede this in their motion to dismiss, stating, "Mike did have a protectable property interest in his job." (D.N. 2-3, PageID # 35)  If so, the state could not deprive him of this interest without due process of law. *Goss v. Lopez*, 419 U.S. 565, 573–74 (1975).  Because only Mike's employment as a teacher qualifies as a property interest, his due process claim is analyzed with respect to that position.

As for how JCBE allegedly deprived Mike of this interest without due process, the complaint is not entirely clear.  The sole basis of Mike's claim appears to be that JCBE and

Hargens relied on the ACT and KDE investigations in deciding whether to terminate him.  (D.N. 1-1, PageID # 14)  He asserts that JCBE and Hargens deprived him of his property right "[i]n relying upon investigations which did not permit Mike the opportunity to respond to the allegations against him[.]"  (*Id.*)  Mike can only be referring to the ACT and KDE investigations, because those are the only investigations described in the complaint as having denied him the opportunity to respond.  (*Id.*, PageID # 10, 12)  However, Mike does not connect JCBE and Hargens to the ACT and KDE investigations in any way other than alleging that the results of these investigations were part of Hargens's basis for terminating him.[2]  (*Id.*, PageID # 14)  Therefore, Mike is essentially challenging the adequacy of the due process received.  Again, Mike fails to state a plausible claim for relief because he received adequate due process prior to his termination.

"An essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.'"  *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (quoting *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950)).  A pretermination hearing "need not be elaborate."  *Id.* at 545.  "The opportunity to present reasons, either in person or in writing, why proposed action should not be taken" is all that is necessary.  *Id.* at 546.  Mike received essentially the same amount of due process as the plaintiff in *Tinch v. Jefferson Cnty. Pub. Sch. Sys.*, No. 3:12-cv-844-DJH, 2016 WL 1574149, at *3 (W.D. Ky. Apr. 18, 2016), a case in which this Court found that the minimum requirements established by *Loudermill* had been met.  JCBE investigated Tinch after allegations arose that he had inappropriate contact with a student.  *Id.* at *1.  Tinch

---

[2] The reasons Hargens gave for Mike's termination are stated in the termination letter Mike received.  (D.N. 9-6, PageID # 241–46)  These include the findings of the ACT and KDE investigations, as well as the findings of the JCPS investigations with regard to ACT testing improprieties.  (*Id.*)  This letter also documents the pretermination due process Mike received, with respect to the JCPS investigations, as well as the opportunity for a post-termination hearing.  (*Id.*)

was interviewed by an investigator, where he was informed of the allegations against him and permitted to respond to those allegations. *Id.* at *3. This Court concluded that Tinch received adequate pretermination due process. *Id.* Here, when investigators from the JCPS Office of Compliance and Investigations pursued allegations against Mike, they interviewed him and allowed him to respond to those allegations. (D.N. 1-1, PageID # 13–14) Furthermore, at least one of these investigations concerned ACT Compass test improprieties, which was the same topic as the ACT and KDE investigations that Mike asserts were flawed. (*Id.*, PageID # 14) This may not have been an elaborate pretermination hearing, but Mike was given notice of the allegations against him and an opportunity to respond. This is sufficient under *Loudermill*. *See* 470 U.S. at 454–46; *Buckner v. City of Highland Park*, 901 F.2d 491, 495 (6th Cir. 1990) (finding procedural due process requirements were met where a police officer accused of misconduct was interviewed about the allegations against him and offered an opportunity to respond). In sum, the facts alleged do not support a plausible claim for relief under section 1983, and, therefore, this action must be dismissed.

## B. State-Law Claims

Because Mike's complaint fails to state any viable claim under section 1983, all that remain are state-law claims. Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having dismissed Mike's federal claims, the court declines to exercise supplemental jurisdiction over his state-law claims. Therefore, these claims will be dismissed without prejudice. *See Runkle v. Fleming*, 435 F. App'x 483, 486 (6th Cir. 2011) ("[W]hen, as here, 'all federal claims are dismissed before trial, the balance of

considerations usually will point to dismissing the state law claims.") (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996)).

## IV. CONCLUSION

Mike's complaint lacks sufficient factual matter to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Defendants' motion to dismiss for failure to state a claim (D.N. 4) is **GRANTED**. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

September 28, 2016

**David J. Hale, Judge**
**United States District Court**